**Charles E. FERGUSON, Plaintiff,**

**v.**

**Gary McCAUGHTRY, et al., Defendants.**

**No. 91–C–863.**

United States District Court,
E.D. Wisconsin.

Sept. 11, 1991.

Charles E. Ferguson, pro se.
No appearance for defendants.

### DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, Charles Ferguson, currently incarcerated at the Waupun Correctional Institution, seeks redress under 42 U.S.C. § 1983 from Gary McCaughtry, the warden of Waupun, and Cindy O'Donnell, a com-

plaint examiner, for their alleged mishandling of his monetary funds and audio tapes. Mr. Ferguson has filed a petition for leave to proceed in forma pauperis. For the reasons stated below, his petition will be denied.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action, and (2) whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) and (d). This court is obliged to give Mr. Ferguson's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). The court is convinced that Mr. Ferguson is unable to pay the costs of commencing this action because his only asset is his prison trust account worth $6.68. However, the plaintiff has failed to meet the second element of § 1915.

In his complaint, Mr. Ferguson asserts some four claims. He first alleges that he received two money orders—one in the amount of $31.00 and one in the amount of $16.50—and that the defendant (he fails to specify which defendant) deposited the money order in the amount of $16.50 but "refused to deposit the larger one" into his prison account.

Mr. Ferguson's next claim simply alleges that on May 15, 1991, he submitted 100 original music compositions to the copyright registration office for copyright protection but was later notified that the copyright registration office had received only 50 of the 100 compositions.

In his third claim, he alleges that the "defendant caused plaintiff's voice to be removed from one of two track [sic] on a demonstration cassette recording" that had been sent to an unnamed person in Iowa.

In his final claim, he alleges that the "complaint examiner [presumably defendant O'Donnell] did deliberately conspire with defendant McCaughtry to deprive [him] of his $31.00 money order."

■ Under § 1915(d), an action is "frivolous" if there is no arguable basis for relief either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Insofar as Mr. Ferguson alleges that the copyright office only received 50 of his 100 compositions submitted, he fails to allege any facts that demonstrate that this ostensible "deprivation of property" was caused by the intentional or reckless conduct of either of the defendants. Consequently, his conclusory allegations fail to demonstrate that he has an arguable basis for relief in fact on this claim. *See Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1831.

Mr. Ferguson's remaining claims are essentially two: (1) that he was deprived of his property—his money order in the amount of $31.00 and his voice on the audio tapes—without due process of law, and (2) that the defendants conspired to deprive him of this property without due process of law.

As to Mr. Ferguson's claim that a conspiracy existed between the two defendants, the court finds the complaint devoid of any factual basis to support a claim of conspiracy. Once again, such conclusory allegations as Mr. Ferguson's do not demonstrate an arguable basis for relief in fact. *See Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1831.

■ Mr. Ferguson also claims that he was deprived of his property—his $31.00 money order and his voice on his audio tapes—without due process of law. The court believes that any alleged deprivation of property that occurred was the result of the random unauthorized conduct of a state employee rather than as a result of an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 532, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984); *see also DeSouto v. Cooke*, 751 F.Supp. 794 (E.D.Wis.1990) (Gordon, J.).

Thus, under these circumstances, it is well established that Mr. Ferguson is entitled to pursue his procedural due process claim under 42 U.S.C. § 1983, only if he demonstrates that the state has failed to provide a meaningful postdeprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Hud-*

*son*, 468 U.S. at 533, 104 S.Ct. at 3203–04; *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

Here, Wisconsin law provides various postdeprivation remedies. *See e.g.* Wis. Stats. §§ 893.80, 893.82, 895.01, 968.20. The court is unaware of any case law that has analyzed the adequacy of these postdeprivation remedies in the context presently before the court. Absent a showing that the remedies that the state of Wisconsin has provided Mr. Ferguson are inadequate, his alleged deprivation of property is not actionable under the fourteenth amendment. Accordingly, Mr. Ferguson's claims that he was deprived of his property without due process are "frivolous" for purposes of § 1915(d) as they have no arguable basis in law. *See Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1831.

Therefore, IT IS ORDERED that Mr. Ferguson's petition for leave to proceed in forma pauperis be and hereby is denied.

IT IS ALSO ORDERED that this order be and hereby is to have the effect of a final dismissal without prejudice if the plaintiff fails to pay the required filing fee to the clerk of this court within thirty days from the date of this order.